# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| **LAURO E. GARZA and NYDIA GARZA,** § <br> **Plaintiffs** § <br> § <br> **V.** § <br> § <br> **LIBERTY MUTUAL INSURANCE** § <br> **COMPANY,** § <br> **Defendant** § | **Civil Action No.** _7:20-cv-119_____ |

---

**INDEX OF MATTERS BEING FILED**

---

Liberty Mutual Insurance Company's Notice of Removal.

 Exhibit A: Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

 Exhibit B: A list of counsel of record.



Civil Docket; Case DC-20-151; Civil
LAURO E. GARZA and NYDIA GARZA vs LIBERTY MUTUAL INSURANCE COMPANY
Filed 04/03/2020 - Disposition:
381st District Court, District Clerk, Starr County, Texas

View Document Images

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 04/03/2020 | Plaintiffs' Original Petition - EFiled on 04/03/2020 11:32 AM. Submitted by: Efrain Carrera (efraincarrera1@yahoo.com) | | TXT | |
| 04/06/2020 | Letter Head for Citation fee - EFiledon 04/06/2020 10:30 AM. Submitted by:Efrain Carrera (efraincarrera1@yahoo.com) | | " | |
| 04/06/2020 | CITATION BY PERSONAL SVC TO: Liberty Mutual Insurance Company Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218 USA (EFRAINCARRERA1@YAHOO.COM) | | " | |
| 05/01/2020 | Defendant Liberty Mutual Insurance Company's Original Answer and Verified Denial and Requests for Disclosure - David Stephens/ Liberty - EFiled on 05/01/2020 10:24 AM. Submitted by: Cheryl Zertuche (czertuche@lstlaw.com) | | " | |

Search | Case History | Parties | Attorneys    [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.   User ID: mldsdt
Unauthorized access is prohibited. Usage will be monitored.   Viewed as of: **May 5, 2020, time: 16:21:00**
Agreements

| | |
|---|---|
| CLERK OF THE COURT<br>ORLANDO VELASQUEZ<br>STARR COUNTY COURTHOUSE<br>RIO GRANDE CITY, TEXAS 78582 | Attorney(s)<br><br>EFRAIN CARRERA<br>4200 N. BICENTENNIAL<br>MCALLEN, TX 78504<br><br>(EFRAINCARRERA1@YAHOO.COM) |

## CITATION

**TO: Liberty Mutual Insurance Company**
   Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
   211 E. 7th Street, Suite 620
   Austin, Texas 78701-3218 USA.

DEFENDANT, in the hereafter and styled and numbered cause: **DC-20-151**
You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10 o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the **Honorable Jose Luis Garza IN THE 381ST DISTRICT COURT OF STARR COUNTY, TEXAS** at the Court House of said County in Rio Grande City, TX. Said PETITION was filed on the **3rd day of April, 2020** in this cause numbered **DC-20-151** on the docket of said court, and styled,

**LAURO E. GARZA AND NYDIA GARZA VS. LIBERTY MUTUAL INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.
   The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court of this office, this **6th day of April, 2020**.

Orlando Velasquez,

Starr County District Clerk
381ST DISTRICT COURT
Starr County, Texas
By: _____
            Deputy Clerk

**NOTICE TO THE DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

## OFFICER'S RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock _____ .M.
Executed at _____, within the County of _____, at _____ o'clock _____ .M.
On the _____ day of _____, _____, by delivering to the within named _____
a true copy of this citation together with the accompanying copy of this petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Not executed, the diligence used to execute being _____; for the following reason _____, the defendant may be found _____

Total fee for serving this citation _____       Sheriff Account No. _____
To certify which witness my hand officialy.

Sheriff of Starr County, Texas                             by:_____ Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT
Executed in _____ county, state of _____, on the _____ day of _____.

Declarant/Authorized Process Server

(ID# & expiration of certification)

File No. __DC-20-151__
CITATION FOR PERSONAL SERVICE IN STATE
LAURO E. GARZA AND NYDIA GARZA VS LIBERTY MUTUAL INSURANCE COMPANY
381ST DISTRICT COURT
OF STARR COUNTY, TEXAS

ISSUED
THIS April 6, 2020
Orlando Velasquez
CLERK DISTRICT COURT
BY: *(signature)*
DEPUTY CLERK

FILED
This _____ day of _____, _____
At _____ o'clock _____ .M.
Orlando Velasquez
CLERK OF THE COURT
BY: _____ . DEPUTY

*Marilyn Stroud* 1380
Server          SCH #
4-7-2020
Date          Time

DC-20-151

Starr County - District Clerk

Filed: 4/3/2020 11:32 AM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

CAUSE NO. **DC-20-151**

| | | |
|---|---|---|
| LAURO E. GARZA and<br>NYDIA GARZA | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS | §<br>§ | **381** JUDICIAL DISTRICT |
| LIBERTY MUTUAL INSURANCE<br>COMPANY | §<br>§ | STARR COUNTY, TEXAS |

### **PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS LAURO E. GARZA and NYDIA GARZA file this Original Petition complaining of Defendant LIBERTY MUTAUL INSURANCE and for cause of action would show the Court as follows:

## I.
## DISCOVERY PLAN

1. The discovery control plan applicable to this case is Level 2 because Plaintiff seeks the Court has not ordered a level 3 discovery plan.

## II.
## PARTIES

2. Plaintiffs are individuals residing in Starr County, Texas.

3. Liberty Mutual Insurance Company is a foreign insurance company doing business in the State of Texas. It has its principal place of business in the State of Massachusetts. It may be served with process by serving its attorney for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218 USA.

## III.
## VENUE

4. Venue is proper in Starr County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.032 because the insured property is located at 705 W. Bluebonnet St., Rio Grande City, 78582, Starr County, Texas.

5. Venue is also proper in Starr County, Texas pursuant to 17.56(2) of the Texas Business & Commerce Code because Starr County is the county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

## IV.
## JURISDICTION

6. Plaintiffs seek damages under the common and statutory laws of the State of Texas and the amount in controversy exceeds the jurisdictional minimum of the Court. The Court has jurisdiction over the parties in this case because they are residents of Texas, have their principal place of business in Texas or conduct substantial business in Texas such that the exercise of jurisdiction over them does not offend traditional notions of fair play and substantial justice.

## IV.
## FACTS

7. Defendants, Liberty Mutual Insurance sold insurance policy H37-298-105628-40 (the "Policy") to Plaintiffs to cover the residence located at 705 W. Blue Bonnet St., Rio Grande City, Texas 78582. From March 2013 to August 2019, Defendant billed/charged and was paid for insuring 3928 square feet of living area. However, the home consisted of only 2542.25 square feet of living area. The resulting difference was an overcharge and overpayment of $2,616.00 per year for 7 years. Plaintiffs learned of this over charge on or about September of 2019. Defendant

has refused to refund the overpayment of $18,312.00 (exclusive of interest) and instead taken the unconscionable course of blaming Plaintiffs for their deceptive act and/or misrepresentation of the true square footage of the home to their convenient and self-serving unjust enrichment.

## VI.
## CAUSES OF ACTION

8. Defendant Liberty Mutual Insurance is liable to Plaintiffs for violation of the Texas Insurance code namely, Sections 541.061 and 541.151. Plaintiffs therefore seek actual damages, additional damages for knowing conduct, court costs and reasonable and necessary attorneys' fees pursuant to chapter 541 of the Texas Insurance Code. Plaintiff also seek 18% annual interest and attorney's fees pursuant to Section 542.00 of the Texas Insurance Code.

9. Defendant Liberty Mutual Insurance is liable to Plaintiffs for violation of the Texas Business and Commerce Code, Deceptive Trade Practice Act, Sections 17.46 (b)(2), (b) (12), (b)(24). Because the conduct of Defendant was committed knowingly, Plaintiffs seek recovery of damages for mental anguish and three times the economic damages.

10. Defendant Liberty Mutual Insurance is liable to Plaintiff under the equitable doctrine of Money had and Received to prevent unjust enrichment. Defendant holds money that in equity and good concious belongs to Plaintiffs.

11. In the alternative, because Defendants conduct is intentional, Plaintiffs seek three time the amount of both economic damages and mental anguish pursuant to section 17.50 of the Texas Business and Commerce Code, Deceptive Trade Practice Act.

12. In order to comply with Texas Rules of Civil Procedure 47, Plaintiffs plead that they seek monetary relief over $100,000 but not more than $1,000,000.

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiffs request that all Defendants, individually and separately disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## VII.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that upon final trial, the Court enter judgement in favor of Plaintiffs and against Defendants as follows:

1. Damages, costs and attorneys' fees described herein in an amount determined by the trier of fact;
2. Pre- and post- judgement interest if, as, and when provided by law, and at the maximum rate allowed by law;
3. All costs of court incurred herein; and
4. Such other and further relief to which Plaintiffs may be justly entitled.

Plaintiff hereby request a trial by jury.

Respectfully Submitted,

*/s/ Efrain Carrera*
Efrain Carrera
State Bar No. 24025284
The Law Office Of Efrain Carrera P.C.
617 S. 12th Ave.
Edinburg, Texas 78539
Ph: (956) 387-0909
Fax: (956) 387-0914
Email: efraincarrera1@yahoo.com

Filed 5/1/2020 10:24 AM
Orlando Velasquez, District Clerk
Starr County, Texas

Dulce Morin

CAUSE NO. DC-20-151

| | | |
|---|---|---|
| **LAURO E. GARZA and NYDIA GARZA,** § § | **IN THE DISTRICT COURT** |
| *Plaintiffs* § § | |
| vs. § § | **381ST JUDICIAL DISTRICT** |
| **LIBERTY MUTUAL INSURANCE COMPANY** § § § | |
| *Defendant.* § | **STARR COUNTY, TEXAS** |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S ORIGINAL ANSWER
AND VERIFIED DENIAL
AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE COURT:

Defendant Liberty Mutual Insurance Company files its Original Answer to Plaintiffs' Original Petition and Requests for Disclosure and would respectfully show as follows:

**I.
GENERAL DENIAL**

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence. By this answer, Defendant does not waive any right it has under the policy(ies) of insurance at issue in this matter.

**II.
VERIFIED DENIAL**

Pursuant to Texas Rule of Civil Procedure 93, Defendant Liberty Mutual Insurance Company specifically denies that it is a proper party to this lawsuit. Defendant further denies that it has or had a contract of homeowners insurance with Plaintiffs.[1] Therefore, Plaintiff has no

---

[1] The policies giving rise to Plaintiffs' lawsuit were issued by a separate entity, Liberty Insurance Corporation.

cause of action arising out of the insurance contract(s) against Defendant Liberty Mutual Insurance Company. Liberty Mutual Insurance Company is not a proper party to this lawsuit.

## II.
## SPECIFIC DENIAL

Defendant specifically denies that all conditions precedent have been performed or have occurred with respect to their claims under the Texas Insurance Code and the Texas Deceptive Trade Practice-Consumer Protection Act ("DTPA"). Plaintiffs did not provide sufficient notice of their claims as required by Chapters 541 and 542 of the Texas Insurance Code and the DTPA. Further, Chapter 541, and the DTPA require that a claimant wait sixty (60) days prior to filing suit. Defendant is entitled to an abatement of this action until sixty days after proper notice is given. Tex. Ins. Code § 542A.005; Tex. Ins. Code § 541.155; Tex. Bus. & Comm. Code § 17.505.

## III.
## DEFENSES

Plaintiffs' claims are barred in whole or in part by limitations.

## IV.
## REQUEST FOR DISCLOSURES

Under Texas Rule of Civil Procedure 194, Plaintiffs are requested to disclose, within thirty days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

WHEREFORE, Defendant Liberty Mutual Insurance Company respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

_____
David R. Stephens
State Bar No. 19146100
dstephens@lstlaw.com
Carol A. Jenson
State Bar No. 10648500
cjenson@lstlaw.com
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile:  (210) 227-4602
*Counsel for Defendant Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Original Answer and Requests for Disclosure was served by facsimile and/or electronic service on the **1st** day of **May, 2020** upon the following counsel of record:

Efrain Carrera
The Law Office of Efrain Carrera P.C.
617 S. 12th Avenue
Edinburg, Texas 78539
efraincarrera1@yahoo.com

_____
David R. Stephens/Carol A. Jenson

3